Date signed December 15, 2008



PAUL MANNES
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

|  |  |  |
|---|---|---|
| IN RE: | : | |
| | : | |
| MASTERCRAFT INTERIORS, LTD. | : | Case No. 06-12769PM |
| KIMELS OF ROCKVILLE, INC. | : | Case No. 06-12770PM |
| | : | Chapter 11 |
| Debtors | : | (Jointly Administered) |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - : | | |
| BRADFORD F. ENGLANDER | : | |
|   In his capacity as Plan Administrator for | : | |
|   Mastercraft Interiors, Ltd., and | : | |
|   Kimels of Rockville, Inc. | : | |
| Plaintiff | : | |
| vs. | : | Adversary No. 08-0424PM |
| | : | |
| DOUGLAS GOMEZ, et al. | : | |
| Defendants | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - : | | |

### MEMORANDUM OF DECISION

On December 3, 2008, the court conducted a hearing on the Motion filed by Defendants Douglas Gomez and Carolyn Gomez to dismiss Counts XI and XII of the Amended Complaint. In the course of the hearing, the court granted the oral motion of the Defendants Dean Nelson and Carole Nelson to join in the Motion to Dismiss.  For the reasons stated hereafter, the court will grant the Motion to Dismiss.

Count XI of the Amended Complaint charges the Defendants with negligence in the discharge of their duties as employees, officers, directors, and managers of the Debtors. Specifically, the claim is that the Defendants failed to exercise reasonable diligence by accepting

consumer deposits for furniture orders that they knew they were unable to fulfill and by not segregating these deposits. The Amended Complaint pleads that as a result of the Defendants' alleged negligence that the Debtors suffered damages in excess of $5.5 million. The Amended Complaint states that unnecessary liabilities for the Debtors were created. Count XII charges the Defendants with gross negligence and the breach of their fiduciary duties to the Debtors.

The Motion to Dismiss filed by the Gomezes is based upon two grounds – first, that the Plan Administrator lacks standing to prosecute these claims and, next, that the claims are barred by the equitable doctrine of *in pari delicto*. The court will grant the Motion to Dismiss. Either ground suffices to support the ruling.

The Plan Administrator is an entity created by the Chapter 11 plan to prosecute causes of action of the estates. This entity is akin to a bankruptcy trustee. As noted by Judge Schneider in the case of *In re Transcolor Corp.*, 296 B.R. 343, 367 (BC Md. 2003), a bankruptcy trustee does not have standing to sue third parties such as corporate affiliates or directors. This is because such causes of action belong to the injured creditors and not the debtor corporation and thus not subject to enforcement by the Plan Administrator under § 1123(b)(3) of the Bankruptcy Code.

Presumably, the Plan Administrator is relying upon Section IV(2)(A) of the Amended Joint Plan of Liquidation for his authority for prosecution of causes of action. "Causes of action" is a defined term set out in Section II (B)(10) of the Amended Joint Plan. But what the court has before it is a derivative form of action. *See, Mona v. Mona Electric Group, Inc.*, 934 A.2d 450, 464-65 (Md. App. 2007). The whole body of shareholders or equity interest holders was dissolved by Section III(8) of the Amended Joint Plan that effected cancellation of all shares of stock in the company. Finally, the court notes that while both parties find some comfort in the language of the case of *Bogdan v. JKV Real Estate Services*, 414 F.3d 507 (CA4 2005), that case is easily distinguished in that it involved unconditional assignments acquired by the Chapter 7 Trustee of claims held by debtor's creditors. There are no such assignments here. Next, the court is hard pressed to this day to understand how the collection of funds by the Debtors during the incumbency of the Defendants resulted in damage to the Debtors. The damage occurred when the funds were spent.

What the Plan Administrator seeks to do in this case is to turn the undisputed facts on their head in his allegation that the Debtors were harmed by the collection of consumer deposits.

-2-

The parties harmed were the parties making the deposits, not the recipient of the payments. The Plan Administrator holds no *Bogdan*-type assignments from them.

Similarly, the counts fail because of the doctrine of *in pari delicto*. While some authors urge that it is inappropriate to apply this doctrine to hamstring a bankruptcy trustee who had no connection with the original misconduct, the principle remains generally accepted. *See* JEFFREY DAVIS, *Ending the Nonsense: The In Pari Delicto Doctrine Has Nothing to Do With What is § 541 Property of the Bankruptcy Estate*, 21 EMORY BANKR. DEV. J. 519 (2005); RISA LYNN WOLF-SMITH, *Innocent Trustee/Creditors Barred by Debtors' Past Wrongs: It Just Ain't Right,* 26-APR AM. BANKR. INST. J. (Apr. 2007); WILLIAM MCGRANE, *The Erroneous Application of the Defense of In Pari Delicto to Bankruptcy Trustees,* 29 CAL. BANKR. J. 275 (2007). Were the court writing on a clean slate, it would agree with the opponents; however, the overwhelming authority is to the contrary. The doctrine is an offshoot of the equitable doctrine that "he who comes into equity must come with clean hands." It has been consistently applied in bankruptcy cases to bar bankruptcy trustee from suing insiders and professionals, who, prior to the filing of the petition, caused damage to the debtor. The doctrine has long been a part of Maryland law. *Gotwalt v. Neal*, 25 Md. 434 (Md. 1866); *Messick v. Smith*, 69 A.2d 478, 481 (Md. 1949); *Franklin v. Morrison*, 711 A.2d 177, 187 (Md. 1998). In the bankruptcy context, the case of *Official Comm. of Unsecured Creditors v. R. E. Lafferty & Co., Inc.,* 267 F.3d 340, 355-360 (CA3 2001) is often cited for the proposition that the doctrine bars claims by a bankruptcy trustee standing in the shoes of a debtor despite the trustee's status as an innocent successor. *See also*, *Official Comm. of Unsecured Creditors of PSA, Inc. v. Edwards*, 437 F.3d 1145, 1151 (CA11 2006)*; Grassmueck v. American Shorthorn Ass'n*, 402 F.3d 833, 836 (CA8 2005). The court believes that the three cases cited state the applicable law, and that the Fourth Circuit would so hold until it adopts the position that the trustee is not subject to the defense of *in pari delicto* as urged by Judge King in his dissent in *Bogdan, supra* at 515.

An appropriate order will be entered.

cc:
Alan D. Eisler, Esq., 11140 Rockville Pike, Suite 570, Rockville, MD 20852
Sydney Platzer/Andrew Muller, Esq., 1065 Avenue of the Americas, New York NY 10018
Bradford F. Englander, Esq., 7200 Wisconsin Avenue, Suite 800, Bethesda, MD 20814
United States Trustee, 6305 Ivy Lane, #600, Greenbelt  MD  20770

**End of Memorandum**